SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KONDAUR CAPITAL CORPORATION

                         Plaintiff,

            - against -

SYNCIA CAJUSTE; NASSAU EDUCATORS FEDERAL CREDIT UNION; HUNTINGTON HOSPITAL a/k/a HUNTINGTON HOSPITAL ASSOCIATION; JOHN DOE #1 through 10, the names of the last ten defendants being fictitious and unknown to plaintiff, plaintiff intending to designate thereby persons or parties having or claiming to have an interest in or lien upon the described premises,

                         Defendants.

**11- 2627**

**COMPLAINT**

Docket No.:

Date Filed:

**SPATT, J.**

**BOYLE, M.J.**

---

The above-named Plaintiff, by CULLEN and DYKMAN LLP, its attorneys, complaining of the above-named defendants, shows to this Court and alleges as follows:

### THE PARTIES

1. Plaintiff KONDAUR CAPITAL CORPORATION ("Kondaur" or "Plaintiff") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in the State of California.

2. Defendant SYNCIA CAJUSTE ("Cajuste") is an individual residing at 1 Gerry Lane, Lloyd Neck, New York 11743 ("the Premises") and is made a defendant herein because she is an obligor and mortgagor under the Note and Mortgage (as hereinafter defined) and owner of the Premises.

3. Defendant NASSAU EDUCATORS FEDERAL CREDIT UNION ("NEFCU") is a corporation organized under the laws of the United States of America with its principal place of

business located at 1000 Corporate Drive, Westbury, New York 11590. NEFCU conducts activities which are localized within Nassau and Suffolk Counties of the State of New York.

4. Defendant HUNTINGTON HOSPITAL a/k/a HUNTINGTON HOSPITAL ASSOCIATION is a not-for-profit corporation organized under the laws of the State of New York with its principal place of business located at 270 Park Avenue, Huntington, New York 11743.

5. Defendants JOHN DOE # 1-10 are unknown persons or parties who are citizens of the State of New York, and have or claim to have an interest in or lien upon the Premises.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 as Plaintiff and Defendants are citizens of different states.

7. Venue is proper in this Court under a) 28 U.S.C. § 1391(a)(1) as all defendants reside in this judicial district, b) 28 U.S.C. § 1391(a)(2) as the execution of the Note and Mortgage, as hereinafter defined, and default thereunder took place in this judicial district and the Premises are situated in this judicial district, and c) 28 U.S.C. § 1391(a)(3) as all defendants are subject to personal jurisdiction in this judicial district.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST ALL DEFENDANTS

8. Plaintiff hereby repeats and realleges all of the preceding allegations set forth in paragraphs "1" through "7", inclusive, above, to the same extent as if fully set forth at length herein.

9. On August 14, 2008 Cajuste, for value, received, executed and delivered to Wells Fargo Bank, N.A., an Initial Interest Adjustable Rate Note ("Note") in the original principal sum of Seven Hundred Ninety Nine Thousand Five Hundred and 00/100 Dollars ($799,500.00) with

interest thereon at the rate(s) therein provided, and promised to pay said sum plus interest thereon, as set forth in said Note to Wells Fargo Bank, N.A. or anyone who takes the Note by transfer and who is entitled to receive payments thereafter.

10. Simultaneously with the execution and delivery of the Note, on August 14, 2008, Cajuste, for value received, executed and delivered to Wells Fargo Bank, N.A., a Mortgage ("the Mortgage"), in the original principal sum of Seven Hundred Ninety Nine Thousand Five Hundred and 00/100 Dollars ($799,500.00) as security for repayment of the indebtedness evidenced by the Note.

11. The Mortgage was duly recorded in the Suffolk County Clerk's Office on August 21, 2008, in Liber 21743 at Page 166 et seq., duly indexed according to law, and the taxes imposed by law upon the recording thereof duly paid.

12. The Note and Mortgage were assigned by Wells Fargo Bank, N.A., to Kondaur by an endorsement of the Note and an Assignment of Mortgage dated as of December 22, 2009 and duly recorded in the Suffolk County Clerk's Office on April 14, 2010 in Liber 21937 at page 665 et seq.

13. Plaintiff is the owner and holder of the Note and Mortgage.

14. The property subject to the lien of the Mortgage, is commonly known as 1 Gerry Lane, Lloyd Neck, NY 11743, more particularly described in Schedule A annexed hereto, and is referred to herein as the "Premises".

15. In and by the Note and Mortgage, Cajuste covenanted and agreed among other things:

    a) To repay to Plaintiff, by means of monthly payments of principal and interest, the said principal sum of Seven Hundred Ninety Nine Thousand

3

Five Hundred and 00/100 Dollars ($799,500.00) with interest thereon at the rate of (7.125%) which rate would not change until September 2013;

b) That that monthly payments would be for interest only until October 2018;

c) That the monthly payments would commence on October 1, 2008 and would continue to be made on the first day of each and every month thereafter until the principal and interest were fully paid, except that the final payment of the entire indebtedness evidenced thereby, if not sooner paid, would become due and payable on September 1, 2038;

d) To pay a late charge in the amount of two percent (2 %) of any payment made more than fifteen (15) days after the due date thereof;

e) To pay monthly sums for the taxes, insurance, assessments, water charges, and other obligations due on the Premises;

f) That the whole of the unpaid principal sum and the interest thereon would become due, at Plaintiff's option, after default in the payment of any monthly installment when due;

g) To pay Plaintiff's reasonable attorney's fees, costs and disbursements in any action to foreclose the Mortgage.

16. Cajuste has failed to comply with the terms of the Note and Mortgage by failing to make the monthly payments required thereby, which came due on February 1, 2009, and on the first day of each and every month thereafter.

17. By reason of such defaults mentioned in paragraph "16", Plaintiff has elected to call due the entire principal balance remaining unpaid on the Note and Mortgage. There is currently due and payable to the Plaintiff the principal sum of Seven Hundred Ninety-Nine

4

Thousand Five Hundred and 00/100 Dollars ($799,500.00) together with interest thereon at the rates provided therein from January 1, 2009, together with late charges and advances, no part of which has been paid although duly demanded.

18. The defendants have or claim to have some right, title or interest in or to the Premises, which interest, if any, is subordinate to the lien of the Mortgage, and are joined to extinguish said interest.

19. There are no other pending actions or proceedings for the recovery of the moneys mentioned in this Complaint or to enforce the Note and Mortgage.

20. That Plaintiff has complied with all applicable provisions of the Banking Law, and specifically with Banking Law §§ 595-a and 6-1 if applicable, in securing the aforementioned indebtedness and at all times thereafter.

21. The Premises should be sold subject to any state of facts a personal inspection would reveal, subject to the state of facts which a new and accurate survey thereof would show; subject to rights, if any, of tenants or occupants; subject also to easements, agreements, covenants, restrictions and matters of record, if any, recorded prior to Plaintiff's Mortgage; subject also to vault taxes, zoning regulations and departmental orders and violations, if any; subject also to chattel mortgages, conditional bills of sale, security agreements and UCC filings, if any, filed or recorded prior to the recording of Plaintiff's Mortgage; and subject to any right of redemption of the United States of America and/or its agencies and/or departments.

22. That in order to protect its security, the plaintiff has paid, or may be compelled to pay during the pendency of this action, local taxes, assessments, water rates, insurance premiums and other charges assessed to the Mortgaged Premises, and hereby requests that any sums paid

5

by it for said purposes, with interest thereon, be added to the sum otherwise due, be deemed secured by the mortgage(s) and be adjudged a valid lien on the Premises.

23. Plaintiff shall not be deemed to have waived, altered, released, modified or changed the election described in paragraph "17", above, by reason of any payment, before or after the date of the commencement of this action, of any or all of the defaults mentioned herein or of any other sum or sums due Plaintiff; and such election shall continue and remain effective unless and until Plaintiff consents, in its sole discretion, to modify such election.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST CAJUSTE AND AGAINST THE PREMISES OR PROCEEDS OF SALE

24. Plaintiff hereby repeats and realleges all of the preceding allegations set forth in paragraphs "1" through "23", inclusive, above, to the same extent as if fully set forth at length herein.

25. Pursuant to the Note and Mortgage, Cajuste agreed to pay Plaintiff's reasonable attorney's fees, costs and disbursements in any action to foreclose the Mortgage.

26. Therefore, Plaintiff demands judgment for same and recovery from said defendants and/or against the Premises and/or out of the proceeds of sale.

**WHEREFORE**, Plaintiff demands judgment against the defendants and each of them and all persons claiming under them, or either or any of them, subsequent to the commencement of this action, and against every person whose conveyance or encumbrance is subsequent or subsequently recorded:

1. That adjudges and decrees the amounts due Plaintiff for principal interest, costs, late charges, expenses of the sale, allowances, disbursements, reasonable attorneys fees, and all amounts advanced and paid or to be paid which are secured by the Mortgage;

2. That defendants, and all persons or entities claiming by, through or under them and every other person or entity whose right, title, conveyance, or encumbrance of the Mortgaged Premises is subsequent to or recorded subsequent to the Plaintiff's interest, be forever barred, foreclosed, and divested of all right, title, claim, lien, interest, and/or equity of redemption in the Premises;

3. That the Premises may be decreed to be sold according to law, subject to the matters set forth in paragraph "21" hereof;

4. That Plaintiff and/or its successors and/or assigns may become a purchaser at the sale;

5. That out of the monies arising from the sale thereof Plaintiff be paid the amount due on the Note and Mortgage, with interest to the time of such payment, including, but not limited to, any and all allowances according to law, reasonable attorney's fees, costs and disbursements, as well as any sums paid by Plaintiff, or paid on Plaintiff's behalf or paid by any Referee, Master, Magistrate, or other duly authorized individual, (any and all of whom are referred to herein as an "Officer")

7

or due for all advances, including insurance premiums, taxes, assessments, water rates and sewer charges, which are or shall become liens prior to the date of sale, or which may be paid by Plaintiff, or paid on Plaintiff's behalf or paid by any Officer, at any time up to the date of delivery of the deed and/or vesting of title to the successful bidder at the sale to be held herein, whichever is later, provided the amount of the sale proceeds permits said payments;

6. That the Officer making such sale be directed to pay from the proceeds thereof all expenses of the sale, including, but not limited to all state and local transfer taxes, and all taxes, assessments, water rates, and sewer charges which are liens on the property sold and any and all other liens on the Premises;

7. That Cajuste may be adjudged to be liable to Plaintiff for the amount due and owing on the Note for any deficiency after foreclosure and sale of the Premises;

8. That this Court, if requested, forthwith appoint a receiver of the rents and profits of the Premises with power to lease the same, or such part thereof as may not be under lease, and with such further powers as may be deemed necessary, who after deducting all proper charges and expenses attending the execution of such trust as receiver, shall apply the residual satisfaction of the amount remaining secured by the Mortgage to any deficiency which may exist after applying the proceeds of the sale of the Premises to the payment of the amount due to Plaintiff, including interest and all of the expenses of the foreclosure sale;

9. That Plaintiff reserves its right to share in any surplus monies arising from the sale of the Premises by virtue of its position as a judgment or other lien creditor, excluding the mortgage being foreclosed herein; and

10. That Plaintiff may have such other and further relief as may be just and equitable.

Dated: New York, New York
       June 1, 2011

                                      CULLEN and DYKMAN LLP

                                      By: _____
                                      Samit G. Patel, Esq. (SP9633)
                                      spatel@cullenanddykman.com
                                      Attorneys for Plaintiff
                                      44 Wall Street, 19th Floor
                                      New York, New York 10005
                                      (212) 732-2000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

KONDAUR CAPITAL CORPORATION

                          Plaintiff,

- against -

SYNCIA CAJUSTE; NASSAU EDUCATORS FEDERAL
CREDIT UNION; HUNTINGTON HOSPITAL a/k/a
HUNTINGTON HOSPITAL ASSOCIATION; JOHN DOE
#1 through 10, the names of the last ten defendants being
fictitious and unknown to plaintiff, plaintiff intending to
designate thereby persons or parties having or claiming to
have an interest in or lien upon the described premises,

                          Defendants.

**ATTORNEY VERIFICATION**

**Docket No.:**

-----------------------------------------------------------------

STATE OF NEW YORK   )
                                 : s.s.:
COUNTY OF NEW YORK )

     I, Samit G. Patel, the undersigned, at attorney duly admitted to practice in this Court, affirm and declare the following to be true under the penalty of perjury:

     I am an attorney in the law firm of Cullen and Dykman LLP, attorneys for Plaintiff. As such, I am familiar with the within action, have read the annexed Complaint and know the contents thereof to be true to the best of my knowledge, except those matters therein which are alleged on information and belief, and as to those matters, I believe them to be true. My belief as to those matters stated to be alleged on information and belief is based upon the following: correspondence, memoranda and statements of account in my possession.

10

      I make this verification on Plaintiff's behalf because the Plaintiff is a corporation none of whose officers are presently within the county where my office is located.

Dated: New York, New York
       June 1, 2011

                                        CULLEN and DYKMAN LLP

                                        By: _____
                                            Samit G. Patel, Esq. (SP9633)
                                            spatel@cullenanddykman.com
                                            Attorneys for Plaintiff
                                            44 Wall Street, 19th Floor
                                            New York, New York 10005
                                            (212) 732-2000

## Schedule A

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Incorporated Village of Lloyd Harbor, Town of Huntington, Suffolk County, New York, known as and by Lot No. 17 on a certain map entitled, "Map of Hawk Hill", situated in the Incorporated Village of Lloyd Harbor, Town of Huntington, Suffolk County, New York, surveyed by Richard D. DeVeaux, Surveyor, Hicksville, New York and filed in the Suffolk County Clerk's Office on August 9, 1954 as Map No. 2242, which lot is more particularly bounded and described according to said map as follows:

BEGINNING at a point on the northwesterly side of Gerry Lane, at the extreme easterly end of an arc curve which corner is the northwesterly side of Gerry Lane and the northeasterly side of Hawk Drive, said point being also where the northwesterly side of Gerry Lane is intersected by the division line between Lot Nos. 17 and 18;

RUNNING THENCE North 14 degrees 14 minutes 19 seconds West, 275.91 feet along the division line between Lots Nos. 17 and 18 to land now or formerly of Cedar Hill Corp.;

THENCE along said land, the following three (3) courses and distances:

1) North 73 degrees 17 minutes East, 162.57 feet;
2) North 08 degrees 16 minutes 50 seconds East, 220.68 feet;
3) South 87 degrees 33 minutes 50 seconds East, 148.25 feet to the division line between Lot Nos. 16 and 17;

THENCE along said division line, South 12 degrees 00 minutes 48 seconds West, 431.67 feet to the northerly side of Gerry Lane;

THENCE westerly and southwesterly along the northerly and northwesterly side of Gerry Lane, the following two (2) courses and distances:

1) Along the arc of a curve bearing to the left having a radius of 363.19 feet, a distance of 75.45 feet;

2) On the arc of a curve bearing to the left having a radius of 202.03 feet, a distance of 138.25 feet to the point or place of BEGINNING.

District: 0403
Section: 004.00
Block: 02.00
Lot: 011.000