UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

KONDAUR CAPITAL CORPORATION, :

                   Plaintiff, :

       -against- :

SYNCIA CAJUSTE; NASSAU EDUCATORS FEDERAL :
CREDIT UNION; HUNTINGTON HOSPITAL a/k/a :
HUNTINGTON HOSPITAL ASSOCIATION; JOHN :
DOE #1 through 10, the names of the last ten defendants :
being fictitious and unknown to plaintiff, plaintiff :
intending to designate thereby person or parties having :
or claiming to have an interest in or lien upon the :
described premises, :

               Defendants. :

------------------------------------------------------------------X

**MEMORANDUM AND
ORDER**

11-CV-2627
(Kuntz, J.)

**KUNTZ, United States District Judge**

This is a residential mortgage foreclosure action commenced by Plaintiff Kondaur Capital Corporation ("Plaintiff" or "Kondaur") against Defendant Syncia Cajuste ("Defendant"). Presently before the Court is Plaintiff's Motion for Judgment on the Pleadings as to Defendant's Answer filed on July 20, 2011 ("Initial Answer") pursuant to Federal Rule of Civil Procedure ("Rule") 12(c), Plaintiff's Motion to Dismiss Defendant's First Amended Answer filed on September 23, 2011 ("First Amended Answer") pursuant to Rule 12(b)(6), and Defendant's Cross-Motion for Mandatory Settlement Conference pursuant to C.P.L.R. § 3408. Should the Court deny either or both of Plaintiff's motions, Plaintiff moves to strike Defendant's First Amended Answer pursuant to Rule 12(f) and moves for a more definite statement as to Defendant's First Amended Answer pursuant to Rule 12(e). This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) ("diversity of citizenship"). For the reasons set forth

below, Plaintiff's Motion for Judgment on the Pleadings as to Defendant's Initial Answer is granted and Defendant's Cross-Motion for a Mandatory Settlement Conference is denied. The remaining motions filed by Plaintiff are deemed moot in light of the ruling of this Court.

## I.    Factual Background

On August 14, 2008, Defendant Cajuste borrowed from Wells Fargo Bank, N.A. (the "Original Lender") the principal amount of $799,500.00 (the "Loan") for financing related to her purchase of residential property located at 1 Gerry Lane, Lloyd Neck, New York 11743 (the "Premises"). To evidence the Loan, Defendant executed an initial interest adjustable rate note (the "Note") dated August 14, 2008. Plaintiff's Memorandum of Law in support of its combined Motion for Judgment on the Pleadings and Motion to Dismiss, dated October 6, 2011 ("Pl.'s Mem."), at Ex. B. As security for the Loan, Defendant executed and delivered to the Original Lender a mortgage (the "Mortgage") dated August 14, 2008. Pl.'s Mem., at Ex. C. The Mortgage was duly recorded in the real estate records of the Suffolk County Clerk's Office on August 21, 2008.

Thereafter, the Original Lender assigned the Mortgage and Note to Kondaur by an endorsement of the Note and an Assignment of the Mortgage dated December 22, 2009. Pl.'s Mem., at Exs. B, E. The assignment of the Note and Mortgage were duly recorded in the real estate records of the Suffolk County Clerk's Office on April 14, 2010. It is undisputed Kondaur is the owner and holder of the Note and Mortgage.

Under paragraph 3(A) of the Note and paragraph 1 of the Mortgage (at page 4 of 17), Defendant was required to pay per month beginning on October 1, 2008, the said principal of $799,500.00 with interest at the rate of 7.125% until the principal and interest was fully paid. Under paragraph 7(B) of the Note and paragraph 22 of the Mortgage, if Defendant failed to make

the full amount of each monthly payment when due, she was default. Defendant defaulted on the Note and Mortgage by failing to make payments due on February 1, 2009 and on the first day of each month thereafter. Plaintiff has provided the Court with the payment history evidencing said default. Pl.'s Mem., at Ex. F. Despite demand for payment, Defendant has failed to pay all sums due under the Loan. The principal balance outstanding and due immediately under the Loan is $1,014,148.08 as of October 31, 2011.

Plaintiff states it is not a party to any agreement requiring it to consider a modification under the Home Affordable Modification Program ("HAMP") and it is not a recipient of any Troubled Asset Relief Program ("TARP") funds. Pl.'s Mem., at 2. Although Plaintiff is not required to offer any modifications, Plaintiff in fact offered Defendant four different modifications in a letter dated August 16, 2010. Pl.'s Mem., at Ex. H. Defendant did not accept any of these modifications. On March 2, 2011, Plaintiff provided Defendant with a Notice of Default and Acceleration with which Defendant failed to comply and a proper notice under R.P.A.P.L. § 1304. Pl.'s Mem., at Exs. G, I.

Plaintiff commenced this action by filing the Complaint on June 1, 2011. Plaintiff's affidavit of service indicates it effectuated service upon Defendant at the Premises by using what is commonly referred to as the "nail and mail" method pursuant to C.P.L.R. § 308(4). Plaintiff's process server made four attempts to serve Defendant at the Premises on the following dates and at the following times: June 14, 2011 at 8:35 a.m.; June 16, 2011 at 7:12 p.m.; June 21, 2011 at 8:13 a.m.; and June 23, 2011 at 7:18 a.m. On June 24, 2011, the process server affixed the Complaint, Summons, and R.P.A.P.L. § 1303 notice to the door of the Premises. On June 27, 2011, the process server mailed a copy of the Complaint, Summons, and R.P.A.P.L. § 1303 notice to Defendant at the Premises.

Defendant filed the Initial Answer on July 20, 2011. Plaintiff asserts the Initial Answer was due on July 15, 2011—twenty-one days starting the day after the Complaint, Summons, and R.P.A.P.L. § 1303 notice were affixed to Defendant's door—and is therefore untimely. Defendant asserts the Initial Answer was due on July 21, 2011—twenty-four days starting the day after the Complaint, Summons, and R.P.A.P.L. § 1303 notice were mailed to Defendant. Defendant argues it is entitled to three extra days under Rule 6(d) because at least part of service was effectuated *via* mail under Rule 5(b)(2)(C).[1]

Defendant filed the First Amended Answer including two counterclaims on September 23, 2011. On October 6, 2011, Plaintiff filed a Motion for Judgment on the Pleadings as to the Initial Answer. Plaintiff also filed a Motion to Dismiss for Failure to State a Claim, Motion to Strike, and Motion for a More Definite Statement as to the First Amended Answer. Both parties filed a signed stipulation to withdraw with prejudice Defendant's First Amended Answer, including all affirmative defenses and counterclaims asserted therein on October 28, 2011. Stipulation, dated October 28, 2011, at 1. On the same date, Defendant filed a Cross-Motion for Mandatory Settlement Conference. Both parties appeared before this Court on December 14, 2011 for a pre-motion conference. The motions have been fully briefed by both parties as of January 5, 2012, and are ripe for disposition.

## II. Plaintiff's Motion For Judgment On The Pleadings As To The Initial Answer

### A. Legal Standard

Under Rule 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Motions for judgment on the pleadings are

---

[1] Defendant cites incorrectly to Rule 6(e) for "additional time after certain kinds of service" and Rule 5(b)(2)(B) for the proposition that "service is complete upon mailing." *See* Defendant's Memorandum of Law in support of Cross-Motion for Mandatory Settlement Conference pursuant to New York state law, dated October 28, 2011 ("Def.'s Mem."), at 3.

governed by the same standards applicable to Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief may be granted. *In re Ades and Berg Grp Investors,* 550 F.3d 240, 243 n. 4 (2d Cir. 2008). The granting of a motion for judgment on the pleadings is appropriate only if, with all reasonable inferences drawn in favor of the non-moving party, the non-moving party has failed to allege facts that would give rise to a plausible claim or a plausible defense. *Ashcroft v. Iqbal,* 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The Court is "not bound to accept as true legal conclusions couched as factual allegations." *LaFaro v. N.Y. Cardiothoracic Grp, PLLC,* 570 F.3d 471, 476–77 (2d Cir. 2009). "'[B]ald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations'" and will not defeat the motion. *Gavish v. Revlon, Inc.,* No. 00-CV-7291, 2004 WL 2210269, at *10 (S.D.N.Y. Sept. 30, 2004) (quoting *Citibank, N.A. v. Itochu Int'l, Inc.,* No. 01-CV-6007, 2003 WL 1797847, at *1 (S.D.N.Y. Apr. 4, 2003)).

While Rule 12(c) motions are usually filed by defendants seeking dismissal of a plaintiff's complaint, they may be filed by a plaintiff seeking judgment as a matter of law for the relief requested in the complaint. *See* Rule 12(c) ("a party" may move for judgment on pleadings). When a plaintiff is the moving party, "the plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." *See* 5C Charles Alan Wright & Arthur Miller, Fed. Prac. & Proc. Civ. § 1368 & n. 20 (3d ed. 2009).

### B. Timeliness Of Defendant's Initial Answer

The Court will first address the timeliness of Defendant's Initial Answer and whether it will be permitted to stand. Plaintiff argues the Initial Answer filed on July 20, 2011 is untimely. Plaintiff asserts the deadline for filing the Initial Answer was July 15, 2011—twenty-one days starting the day after the Summons, Complaint, and R.P.A.P.L. § 1303 notice were affixed to

Defendant's door pursuant to Rule 4(e). Defendant does not dispute Plaintiff elected to apply New York's "nail and mail" method of service pursuant to Rule 4(e) and C.P.L.R. § 308(4). However, Defendant responds it had twenty-four days running from the day after Plaintiff mailed the documents to Defendant pursuant to Rules 5(b)(2)(C) and 6(d). Therefore, Defendant argues the Initial Answer was timely filed.

Rule 4 supplies several methods of service on its own, but also, as an alternative, adopts for use in the federal courts the methods of service allowed by state law. Rule 4(e) permits service of the summons and complaint pursuant to the law of the state where the district court is located or where service is made. Under New York law, service may be effected by "affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode ... and by ... mailing the summons to such person at his or her last known residence." C.P.L.R. § 308(4). Prior to using this method, the plaintiff must make diligent efforts to effect personal service. The plaintiff must file a proof of service with the clerk of the court within twenty days of either affixing or mailing, whichever occurs later, and service is deemed "complete" ten days after proof of service is filed. The defendant has thirty days to file the answer (or a notice of appearance) once service is complete. C.P.L.R. § 3012(c). As authorized by Rule 4(e), Plaintiff chose to serve Defendant pursuant to C.P.L.R. § 308(4).

Even if the defendant is served pursuant to a state law method of service and the state law provides a longer time in which to answer, the Second Circuit has established that "under the plain terms of Federal Rule of Civil Procedure 12(a), a defendant has twenty [now twenty-one] days from receipt of the summons to file an answer unless a federal statute provides otherwise." *Beller & Keller v. Tyler*, 120 F.3d 21, 25–26 (2d Cir. 1997). The "proof of service" requirement and thirty-day time period to file an answer provided under C.P.L.R. § 308(4) does not apply.

The old version of Rule 4(e) "provided that when a state method was used, the answering time and apparently the other trappings of state law would also apply, but those aspects are not carried over under the current rule." 72 Siegel's Prac. Rev. 4 (June 1998). Hence, when C.P.L.R. § 308(4) is used in a federal action, the answering time remains the federal twenty-one days of Rule 12(a), not the thirty days C.P.L.R. § 3012(c) offers. Additionally, the time to answer runs immediately and is not postponed until after the proof of service is filed, as it is under the terms of C.P.L.R. § 308(4). "So only the mechanical method of service is adopted from state law, not its procedural fringes." *Id.*

In *Beller & Keller*, the plaintiff "nailed" and "mailed" the summons and complaint on the same day thereby triggering the federal period of days for time to answer. Here, Plaintiff "nailed" the documents to Defendant's door on June 24, 2011 and mailed the documents to Defendant three days later, on June 27, 2011. Although the Second Circuit in *Beller & Keller* did not state explicitly which event triggers the time for defendant to respond—the date of nailing or the date of mailing—this Court reads the opinion to mean that both acts of nail *and* mail must occur, and the latter of the two will trigger the time for defendant to respond. Under the C.P.L.R., the "nail and mail" method requires two services: (1) affixation of the summons and complaint to the defendant's door, and (2) mailing of the summons and complaint. *Hopkins v. Tinghino*, 248 A.D.2d 794, 795, 669 N.Y.S.2d 735, 736 (3d Dep't. 1998). Both service steps of affixing and mailing must be performed within twenty days of each other, and the order in which the affixing and mailing occur is immaterial.

Because both steps of the nail and mail method must occur for service to be complete and without regard to the order of events, the Court finds the time for Defendant to answer is triggered by the latter of the two steps—here, the mailing of process on June 27, 2011.

Therefore, the correct deadline by which Defendant should have filed its Initial Answer was on July 18, 2011. Having determined the deadline for Defendant to file its answer expired on July 18, 2011, Defendant's Initial Answer was filed two days late.

Defendant argues her deadline to file the Initial Answer was July 21, 2011 because she was entitled to three additional days after mailing of the summons and complaint under Rule 6(d). This provision states when service is made pursuant to Rule 5(b)(2)(C), (D), (E), or (F), three days are added after the period would otherwise expire under Rule 6(a). Defendant argues the Federal Rules of Civil Procedure contain no analog for New York's "nail and mail" method of service and the only comparable section is Rule 5(b)(2)(C) which states a paper is served by "mailing it to the person's last known address—in which event service is complete upon mailing." Defendant's argument fails for two reasons. First, as Defendant concedes, Plaintiff's Summons and Complaint were served pursuant to Rule 4(e), not Rule 5(b)(2)(C). Def.'s Mem., at 2. Second, Rule 5(b)(2)(C) only applies to service of pleadings *after* the original complaint is filed; it does not apply to papers commencing an action. Consequently, a complaint is not a pleading or paper served pursuant to Rule 5 and therefore the three-day extension under Rule 6(d) does not apply.

Although the Court finds Defendant's Initial Answer was filed two days after the deadline, it accepts the untimely Initial Answer in light of this Circuit's "clear preference for adjudication on the merits and the absence of prejudice to plaintiff." *Miller v. Apfel*, 210 F.3d 355, 2000 WL 509987, at *1 (2d Cir. 2000) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993)). The mere two-day delay in filing the Initial Answer is not indicative of willful default and Plaintiff does not claim it was prejudiced in any way by Defendant's two-day delay. Rather, both parties have continued to litigate in good faith.

With respect to Defendant's First Amended Answer, Defendant concedes it "filed and served an untimely and admittedly unauthorized First Amended Answer on September 23, 2011, which has been withdrawn by stipulation." Def.'s Mem., at 1. The Stipulation signed by both parties states "Defendant's entire First Amended Answer, including all Affirmative Defenses and Counterclaims asserted therein, filed and served on September 23, 2011 is hereby withdrawn with prejudice." Stipulation, at 1. The Court deems the First Amended Answer as withdrawn pursuant to the Stipulation executed by both parties. The Court notes the Stipulation failed to state the Initial Answer was withdrawn.

Plaintiff argues that by filing the First Amended Answer, Defendant withdrew the untimely Initial Answer. Plaintiff's Reply Memorandum of Law in further support of its Rule 12 Motion and in Opposition to Defendant's Cross-Motion, dated November 10, 2011 ("Pl.'s Reply"), at 3, 8. Plaintiff contends Defendant is left without a responsive pleading to the Complaint and therefore, is in default. The Court rejects Plaintiff's argument. Defendant has made no indication it intended to affirmatively withdraw its Initial Answer, and the wording of the Stipulation does not provide for such a withdrawal. It would be inappropriate to burden Defendant with the position of being in default when Plaintiff failed to elicit a statement by Defendant as to the status of its Initial Answer in the Stipulation agreed to by both parties. Therefore, the Court accepts Defendant's untimely Initial Answer and will address the motions of both parties on the merits.

### C. Mortgage Foreclosure Under New York Law

The Court, having established Defendant's Initial Answer will be permitted to stand, turns to Plaintiff's Motion for Judgment on the Pleadings. Under New York law, a plaintiff establishes *prima facie* his or her right to foreclosure where the note and mortgage are produced

to the court, along with undisputed evidence the mortgagor has failed to make payment due under the loan agreements. *Bank of Am., Nat. Ass'n v. Commack Props., LLC*, No. 09-CV-5296, 2010 WL 5139219, at *4 (E.D.N.Y. Dec. 10, 2010) (J. Hurley); *Washington Mut. Bank, F.A. v. O'Connor*, 63 A.D.3d 832, 833 (2d Dep't 2009). To defeat such a claim, it is incumbent upon the defendant "to raise a triable issue of fact as to a *bona fide* defense to the action." *Deutsche Bank Nat. Trust Co. v. Posner*, 89 A.D.3d 674, 674–675, 933 N.Y.S.2d 52, 52–53 (2d Dep't. 2011). For example, in *JPMCC 2007–CIBC19 Bronx Apts., LLC v. Fordham Fulton LLC*, the plaintiff established *prima facie* its right to foreclosure by producing the mortgage and the note, which was unpaid, and uncontroverted evidence defendants had made no payments as of February 1, 2009. 84 A.D.3d 613, 922 N.Y.S.2d 779 (1st Dep't 2011). Defendants failed to raise an issue of fact as to any defense to foreclosure. *Id.*

Here, Plaintiff has established a *prima facie* case for foreclosure through the production of the Note and Mortgage. Defendant does not dispute the proper execution of these documents. Plaintiff has provided evidence Defendant failed to make timely monthly payments under the Loan since February 1, 2009. Defendant does not allege she was not in default. Additionally, Defendant does not allege any facts or assert any plausible defense in the Initial Answer that, if proven, would defeat Plaintiff's claim.

With respect to the defenses raised in Defendant's Initial Answer, each is without merit. Plaintiff successfully states a claim for foreclosure under New York law as discussed *supra*. Plaintiff has proper standing as an assignee of the Note and Mortgage to bring this action. Under New York law, "[w]here the plaintiff is the assignee of the mortgage and the underlying note at the time the foreclosure action was commenced, the plaintiff has standing to maintain the actions." *Fed. Nat'l Mortg. Ass'n v. Youkelsone*, 303 A.D.2d 546, 755 N.Y.S.2d 730 (2d Dep't.

2003). Plaintiff provided the appropriate pre-litigation notices of intent to foreclosure pursuant to R.P.A.P.L. § 1304 and a Notice of Default and Acceleration pursuant to the terms of the Note and Mortgage. Finally, Plaintiff has alleged that although it is not required to offer a HAMP modification, it did offer four modifications and none were accepted by Defendant. Therefore, this Court finds Defendant has not presented any plausible defense to foreclosure.

Viewing the evidence in a light more favorable to Defendant, the Court finds there are no genuine issues of material fact as to Defendant's default on the Note and Mortgage, and the amount due to Plaintiff. Accordingly, Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12(c) is hereby granted.

## III. Motion For Mandatory Settlement Under C.P.L.R. § 3408

Defendant argues she is entitled to a mandatory settlement conference pursuant to C.P.L.R. § 3408. This provision provides "the court shall hold a mandatory conference within sixty days after the date when proof of service is filed with the county clerk, or on such adjourned date as has been agreed to by the parties" in any residential foreclosure action involving a home loan. C.P.L.R § 3408. In support of her motion, Defendant contends C.P.L.R. § 3408 confers a "substantive" right under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), because "[i]t was enacted to serve as an added protection and right to protect New York State residents against financial institutions attempting to foreclose on their homes without offering fair settlement terms." Defendant Cajuste's Reply to Plaintiff's Opposition to Cajuste's Motion for Mandatory Settlement Conference, dated November 25, 2011 ("Def.'s Reply"), at 2. Therefore, Defendant concludes C.P.L.R § 3408 is substantive state law and should be applied in this action. Plaintiff disagrees by asserting C.P.L.R. § 3408 is a procedural rule and there is a

valid federal procedural rule—Rule 16—on point with the exact same purpose of enabling parties to hold settlement discussions.

Defendant's reliance on *Erie* is misplaced. "The *Erie* rule has never been invoked to void a Federal Rule." *Hanna v. Plumer*, 380 U.S. 460, 470 (1965). To resolve the issue of whether a Federal Rule of Civil Procedure or state law should govern, the Court applies the analysis underlying *Hanna*, which held "*Erie* and its offspring cast no doubt on the long-recognized power of Congress to prescribe housekeeping rules for federal courts even though some of those rules differ from comparable state rules." *Id.* at 473. The Court applies the two-step analysis of *Hanna* and determines Rule 16 is applicable because it is (1) "sufficiently broad to control the issue before the court," *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749–750 (1980), and (2) "neither exceed[s] the congressional mandate embodied in the Rules Enabling Act nor transgresses constitutional bounds." *Hanna*, 380 U.S. at 463–64. Whether a Rule comports with the Rules Enabling Act depends on "whether a rule really regulate [s] procedure,—the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy, and redress for disregard or infraction of them." *Id.* at 464 (quoting *Sibbach v. Wilson & Co.,* 312 U.S. 1, 14 (1941)).

First, the Court determines Rule 16 is sufficiently broad to cover the issue of holding a conference for the purpose of facilitating settlement based on a review of C.P.L.R. § 3408 and Rule 16. In order to cope with the dramatic increase in mortgage foreclosures during the troubled 2003–2008 period of subprime lending, the New York Legislature enacted a variety of statutes known as the Subprime Residential Loan and Foreclosure Laws. 2008 N.Y. Laws ch. 472. One of these statutes is C.P.L.R. § 3408 which requires that in any residential foreclosure action involving a home loan and in which the defendant is a resident of the property subject to

foreclosure, the court must hold a mandatory conference within sixty days after the date when proof of service is filed with the county clerk, or on such adjourned date as has been agreed to by the parties. As originally enacted in 2008, C.P.L.R. § 3408 was applicable to two types of mortgages: (1) the "high-cost" loan consummated between January 1, 2003 and September 1, 2008; and (2) the "subprime or nontraditional" home loan. In 2009, the statute was amended to expand the scope of the mandatory settlement conference in foreclosure proceedings to include cases pertaining to all home loans. The purpose of the conference is to hold "settlement discussions" concerning the relative rights and obligations of the parties under the mortgage loan documents, including, but not limited to "whether the parties can reach a mutually agreeable resolution to help the defendant avoid losing his or her home, and evaluating the potential for a resolution in which payment schedules or amounts may be modified." C.P.L.R. § 3408; *see also* David Siegel, Practice Commentaries to C.P.L.R. § 3408 (2008); 201 Siegel's Prac. Rev. 3 (Sept. 2008).

Rule 16 allows federal courts to hold pre-trial conferences for various purposes including, *inter alia*, "facilitating settlement." Rule 16(a)(5). Furthermore, Rule 16 allows courts to consider and take appropriate action as to "settling the case and using special procedures to assist in resolving the dispute when authorized by statute or local rule," Rule 16(c)(2)(I), and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Rule 16(c)(2)(P). The purpose of these provisions under Rule 16 is to schedule a conference in court for the purpose of attempting to settle or resolve a dispute. "It is well established and appropriate for judges to meet with counsel and parties in connection with settlement negotiations. Federal Rule of Civil Procedure 16 encourages judges to take an active role in the settlement of civil suits." *Bilello v. Abbott Labs.*, 825 F. Supp. 475, 479 (E.D.N.Y. 1993) (J. Weinstein).

Both Rule 16 and C.P.L.R. § 3408 enable the Court to schedule a conference for the purpose of facilitating settlement. In fact, the Individual Motions Practices and Rules of this Court require parties represented by counsel to request a pre-motion conference prior to making any motion (1) pursuant to Rule 12 or 56, (2) for a change of venue, or (3) to amend a pleading pursuant to Rule 15 where leave of the Court is required. In this matter, the Court held a pre-motion conference on December 14, 2011 pursuant to the letter request of Defendant dated October 28, 2011. The Court notes Defense counsel made no indication his client is willing to settle and has a viable settlement proposal. Subsequent to the December 14, 2011 pre-motion conference, parties appeared before Magistrate Judge Gary R. Brown for status conferences on three different dates. ECF No. 33 (January 18, 2012), ECF No. 34 (February 19, 2012), and ECF No. 35 (March 16, 2012). At the March 16, 2012 conference, Plaintiff was directed to confer with Defendant and submit to Magistrate Judge Brown dates which are mutually agreeable to both parties on which a settlement conference can be held. On March 26, 2012, Plaintiff submitted available dates for a settlement conference. ECF No. 36 (March 26, 2012). The record indicates parties have had ample opportunity to discuss settlement within the framework of Rule 16. Therefore, it is unlikely a court-mandated settlement conference pursuant to C.P.L.R § 3408 would have any meaningful impact on settlement discussions between the parties at this point in the litigation.

Second, having determined there is an applicable Federal Rule of Civil Procedure, the Court finds the Rule governs unless the Court determines that it is invalid because it transgresses the Constitution or the Rules Enabling Act. The Rules Enabling Act, 28 U.S.C. § 2072, authorizes the Supreme Court to "prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts ... and courts of appeals," but provides such

rules "shall not abridge, enlarge or modify any substantive right." Defendant has not argued Rule 16 transgresses the Rules Enabling Act or the Constitution, nor would there be any basis for such an argument. The provisions of Rule 16 simply set forth the purposes of a pre-trial conference and method for scheduling and managing such conferences. Since these are matters properly classified as procedural in nature, Constitutional concerns are satisfied. *Argentina v. Emery World Wide Delivery Corp.*, 167 F.R.D. 359, 363 (E.D.N.Y. 1996). Because Rule 16 addresses the scheduling of a pre-trial conference for the purpose of discussing settlement, it is not necessary to determine whether the twin aims of *Erie* would be met under Rule 16. *Hanna*, 380 U.S. at 471.

Accordingly, this Court denies Defendant's Cross-Motion for Mandatory Settlement Conference pursuant to CPLR § 3408.

## IV.    Conclusion

Based upon the foregoing reasons, the Court grants Plaintiff's Motion for Judgment on the Pleadings as to Defendant's Initial Answer and denies Defendant's Cross-Motion for Mandatory Settlement Conference. Plaintiff's remaining motions are moot in light of the rulings of this Court.

**SO ORDERED**

Dated: Brooklyn, New York
March 27, 2012

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

15