UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NORTH SHORE INVESTORS REALTY GROUP, LLC

                    Plaintiff,

- against -

SYNCIA CAJUSTE; NASSAU EDUCATORS FEDERAL CREDIT UNION; HUNTINGTON HOSPITAL a/k/a HUNTINGTON HOSPITAL ASSOCIATION; JOHN DOE #1 through 10, the names of the last ten defendants being fictitious and unknown to plaintiff, plaintiff intending to designate thereby persons or parties having or claiming to have an interest in or lien upon the described premises,

                    Defendants.

Docket No.: 11-CV-02627-WFK-GRB

**JUDGMENT OF FORECLOSURE AND SALE PURSUANT TO FRCP 54(B)**

---

On the Complaint filed herein on June 1, 2011 by Kondaur Capital Corporation ("**Kondaur**"), and duly served with a Summons on defendants Syncia Cajuste ("**Cajuste**"), Nassau Educators Federal Credit Union ("**Nassau Educators**"), Huntington Hospital a/k/a Huntington Hospital Association ("**Huntington Hospital**"), John Doe #1 through 10, (collectively, the "**Defendants**"); the Answer of Cajuste, filed on July 20, 2011; the First Amended Answer of Cajuste filed on September 23, 2011; the Clerk's Notation of Default as against Nassau Educators, Huntington Hospital, John Doe and Jane Doe s/h/a John Doe # 1 through 10 (collectively, the "**Defaulting Defendants**"), filed on October 12, 2011; the Memorandum and Order granting Kondaur judgment on the pleadings, filed on March 28, 2012; the Order substituting North Shore Investors Realty Group, LLC ("**North Shore**" or "**Plaintiff**") as plaintiff herein in the place of Kondaur, filed on October 10, 2012; the default judgment against the Defaulting Defendants, dated August 25, 2014; the Declaration of Samit Patel, dated October 3, 2014; and the exhibits annexed thereto, including the Notices of Pendency on file in



the Office of the Clerk of Suffolk County; and the Declaration of Petrina Gherardi, dated October 1, 2014; and upon all proceedings had herein, the court finds:

This action was brought to foreclosure a mortgage, securing the obligation on a note in the principal amount of $799,500.00, which mortgage encumbers a property known as 1 Gerry Lane, Lloyd Neck, New York 11743 (the "**Mortgaged Premises**"). The action was also brought for the entry of a deficiency judgment following the sale of the Mortgaged Premises.

As of October 3, 2014, the entire sum secured by the Mortgaged Premises was $1,283,103.19, plus interest and with carrying costs and fees expended and/or incurred by Plaintiff, all of which is now due and payable.

The Defendants have been duly served with the Summons and Complaint and the time to answer or move with respect to the Complaint has expired as to each of the Defendants and the same has not been extended by consent or by order of this Court. No answer or motion directed to the Complaint has ever been interposed by or on behalf of any of the defendants, none of whom is an infant, incompetent or absentee, except for the Answer and First Amended Answer of defendant Cajuste, upon which Plaintiff was granted Judgment on the Pleadings on March 27, 2012. Accordingly, the Defaulting Defendants are in default.

Notices of Pendency containing all of the particulars required by law have been duly filed as aforesaid.

The Mortgaged Premises should be sold as one parcel, following which Plaintiff may make an application(s) for a determination of the deficiency resulting from that sale.

The amount computed by the Court to be due to Plaintiff as of October 3, 2014 on the Note and Mortgage described in the Complaint is $1,283,103.19, as evidenced by the statement of total debt outstanding attached as Exhibit G to the Declaration of Petrina Gherardi dated

October 1, 2014 and the Declaration of Samit Patel dated October 3, 2014. This amount represents the outstanding principal, interest due thereon, late fees, corporate advances, escrow advances, and advances for forced place insurance owing, including $130,944.43 in attorney's fees and disbursements.

NOW, on application of Plaintiff, North Shore Investors Realty Group, LLC, it is hereby:

ORDERED and ADJUDGED, that Plaintiff's motion be and the same hereby is granted in its entirety;

ORDERED and ADJUDGED, that the default of and the Default Judgment against each and all of the Defaulting Defendants be, and the same hereby is, noted; and it is further

ORDERED and ADJUDGED, that the Plaintiff have judgment herein for the sum of $_____, with interest at the daily rate of $62.97 from _____ to date of entry of judgment and thereafter at the legal rate; and it is further

ORDERED and ADJUDGED, that the Mortgaged Premises described in the Complaint and as hereinafter described be sold as one parcel, in "as is" physical order and condition on the day of sale, subject to the following: any state of facts a personal inspection would reveal; the state of facts which a new and accurate survey thereof would show; rights, if any, of tenants or occupants; easements, agreements, covenants, restrictions and matters of record, if any; vault taxes, zoning regulations and departmental orders and violations, if any; chattel mortgages, conditional bills of sale, security agreements and UCC filings, if any, filed or recorded prior to the recording of Plaintiff's Mortgage; and any right of redemption of the United States of America and/or its agencies and/or departments; and that risk of loss shall not pass to purchaser until closing of title; at public auction to be held in Room No. _____, Long Island Courthouse, 100 Federal Plaza, Central Islip, New York (the "**Sale**"), by and under the direction

of _____

_____ of _____

_____ who is hereby appointed Master for that purpose; that said Master will give public notice of the time and place of the Sale according to federal law and the practice of this Court by advertising in _____, a daily newspaper, that Plaintiff or any other party to this action may become the purchaser at such Sale; that said Master shall accept at such Sale the highest bid offered by a bidder, and shall require that such successful bidder immediately pay to the Master in certified or bank check payable to the Master, ten percent (10%) of the sum bid and shall execute Terms of Sale for the purchase of the Mortgaged Premises, unless such successful bidder is the Plaintiff, in which case, no deposit or payment against the purchase price shall be required; that in the event that the first successful bidder fails to immediately pay the ten percent (10%) deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the subject Mortgaged Premises, the Mortgaged Premises shall thereafter immediately, on the same day, be reoffered at auction; that said Master execute and deliver to the purchaser a deed of the premises sold upon payment of the auction price; that said Master on receiving the proceeds of the Sale forthwith pay therefrom the taxes, assessments, insurance, water rates or sewer rents which are or may become liens on the premises at the time of the Sale, that said Master then deposit the balance of said proceeds of the Sale in his own name as Master in the _____ and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by said depository.

    1st:    The sum of _____ to said Master for his fees herein.

    2nd:    The expenses of the Sale and the advertising expenses as shown on the bills

presented to said Master and certified by him to be correct, duplicate copies of which shall be left with said depository.

3rd:   And also the sum to Plaintiff that is due under the Note and Mortgage as referenced in the Complaint, together with attorneys' fees and interest thereon to the date of payment, and also the amount of any sums expended by Plaintiff, after the date hereof, for taxes, assessments, insurance, water rates and sewer rents, with interest and penalties accrued thereon, or so much thereof as the purchase money of the Mortgaged Premises will pay of the same; and it is further

ORDERED and ADJUDGED, that said Master shall take the receipt of Plaintiff or its attorneys for the amounts paid as directed in item marked "3rd" and shall file it with his report of the Sale. Said Master shall deposit the surplus monies, if any, with the aforesaid depository, within 5 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court; and it is further

ORDERED and ADJUDGED, that in the event that Plaintiff is the purchaser of said Mortgaged Premises at the Sale, or in the event that the rights of the purchaser at the Sale under the terms of the sale hereunder shall be assigned to and be acquired by Plaintiff, and an assignment thereof to be filed with the Master, said Master shall not require Plaintiff to pay in cash the amount bid at such Sale, but shall execute and deliver to Plaintiff a deed of the premises sold. Plaintiff shall pay the amount of the aforesaid taxes, assessments, insurance, water rates, sewer rents and interest and penalties thereon, if any. Said Master shall apply the balance of the amount bid, after deducting therefrom the aforesaid amount paid by Plaintiff, to the amounts due Plaintiff in the item marked "3rd", and if there be a surplus over and above said amounts due Plaintiff, Plaintiff shall pay to said Master upon delivery of said Master's Deed, the amount of

such surplus, and said Master shall deposit said surplus as hereinabove directed; and it is further

ORDERED and ADJUDGED, that said Master shall make his report of the Sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of the Sale be insufficient to pay the amount adjudged due to Plaintiff with the expenses, interest and costs as aforesaid, said Master shall specify the amount of such deficiency in his report of Sale; and it is further

ORDERED and ADJUDGED, that the purchaser at the Sale be let into possession on production of the Master's deed; and it is further

ORDERED and ADJUDGED, that each and all of the Defendants in this action, and all the persons or entities claiming by, through or under them or any of them, subsequent to the filing of the Notices of Pendency of this action, and every other person or entity whose right, title or interest in conveyance of or encumbrance upon the Mortgaged Premises was acquired subsequent or subsequently recorded thereto, be and they are forever barred and foreclosed of any and all right, claim, lien, interest or equity of redemption of, in and to the Mortgaged Premises and each every part thereof; and it is further

ORDERED and ADJUDGED, that the Defendant Cajuste shall pay the whole residue, or so much thereof as this Court may deem to be just and equitable, of the debt remaining unsatisfied after a sale of the Mortgaged Premises and the application of the proceeds pursuant to the directions contained herein, when residue shall be calculated by subtracting said proceeds from the total outstanding debt; and it is further

ORDERED and ADJUDGED, that in the absence of the Master, the Court may designate a Substitute Master forthwith; and it is further

ORDERED and ADJUDGED, that a copy of this Judgment and the Notice of Sale shall

be served upon the Master, the owner of the equity of redemption as of the date of this Judgment, any tenants named in this action and any other party entitled to notice at their last known address within twenty days of entry and no less than thirty days prior to the Sale.

The following is a description of said Mortgaged Premises hereinbefore mentioned:

DESCRIPTION ANNEXED HERETO AS EXHIBIT "A"

Said Mortgaged Premises are also known as 1 Gerry Lane, Lloyd Neck, New York 11743; and together with all right, title and interest of the owner, if any, in and to the land lying in the streets and roads in front of an adjoining said Mortgaged Premises, to the center line thereof; and together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the premises, as if more fully set out in said Mortgage.

Dated: Brooklyn, New York

_____Nov. 14_____, 2014

By: _____
HON. WILLIAM F. KUNTZ, II
United States District Judge

# Exhibit A

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Incorporated Village of Lloyd Harbor, Town of Huntington, Suffolk County, New York, known as and by Lot No. 17 on a certain map entitled, "Map of Hawk Hill", situated in the Incorporated Village of Lloyd Harbor, Town of Huntington, Suffolk County, New York, surveyed by Richard D. DeVeaux, Surveyor, Hicksville, New York and filed in the Suffolk County Clerk's Office on August 9, 1954 as Map No. 2242, which lot is more particularly bounded and described according to said map as follows:

BEGINNING at a point on the northwesterly side of Gerry Lane, at the extreme easterly end of an arc curve which corner is the northwesterly side of Gerry Lane and the northeasterly side of Hawk Drive, said point being also where the northwesterly side of Gerry Lane is intersected by the division line between Lot Nos. 17 and 18;

RUNNING THENCE North 14 degrees 14 minutes 19 seconds West, 275.91 feet along the division line between Lots Nos. 17 and 18 to land now or formerly of Cedar Hill Corp.;

THENCE along said land, the following three (3) courses and distances:

1) North 73 degrees 17 minutes East, 162.57 feet;
2) North 08 degrees 16 minutes 50 seconds East, 220.68 feet;
3) South 87 degrees 33 minutes 50 seconds East, 148.25 feet to the division line between Lot Nos. 16 and 17;

THENCE along said division line, South 12 degrees 00 minutes 48 seconds West, 431.67 feet to the northerly side of Gerry Lane;

THENCE westerly and southwesterly along the northerly and northwesterly side of Gerry Lane, the following two (2) courses and distances:

1) Along the arc of a curve bearing to the left having a radius of 363.19 feet, a distance of 75.45 feet;

2) On the arc of a curve bearing to the left having a radius of 202.03 feet, a distance of 138.25 feet to the point or place of BEGINNING.

SAID PREMISES being known as and by the street number 1 Gerry Lane, Lloyd Neck, New York 11743.